## Leo Logan, Appellee, v. John A. Wagner, Appellant.

Verdicts—*when not disturbed.*    A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action commenced before justice of the peace. Appeal from the Circuit Court of Brown county; the Hon. Guy R. Williams, Judge, presiding.    Heard in this court at the November term, 1910.    Affirmed. Opinion filed October 14, 1911.

J. F. Regan and R. E. Vandeventer, for appellant.

O. T. Briggs and Hubbard, Schmeideskamp & Groves, for appellee.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

The defendant, John A. Wagner, was the manager of a company owning a German coach stallion, in Brown county. During the season of 1910 he was standing this stallion in a livery barn at Mt. Sterling, Illinois. On April 14th, Leo Logan took a mare to this barn to have her bred to this stallion. It was in the evening and when he arrived defendant had left the barn for the day but returned for the purpose of breeding this mare; in performing this service defendant permitted the stallion to enter the mare at the wrong opening and as a result thereof she died.

This suit is brought to recover the value of the mare, alleging negligence on the part of defendant in performing his duty in assisting the stallion to serve the mare. There was no question as to the value of the mare and plaintiff recovered a judgment against the defendant for $200 from which he appeals.

The record discloses that it was the duty of the defendant to assist the stallion in serving the mare by seeing that the horse properly mounted the mare and by guiding the private part of the stallion so that it would enter the mare at the proper opening. There is a conflict of the evidence as to the manner in which the stallion was permitted to serve the mare. This conflict relates both to the action of the stallion from the time he was brought from the stall to perform the service and to the action of the defendant in handling the stallion and guiding the private part of the stallion at the time of the service; some of the witnesses testify that the stallion raised in the air at a point some thirty feet from the mare and then approached her upon his hind legs lunging upon her and that defendant did not take hold of the private part of the stallion for the purpose of guiding it into the proper opening; other witnesses testified that the stallion did not mount the mare in this manner and that defendant did take hold of and attempt to guide the organ of the stallion at the time of the service. The evidence is conflicting upon the question as to whether the lights in the barn were out of order but all agree that they were not turned on; some witnesses testified that the stable was dark and that for this reason they were unable to see what took place; others that the light was sufficient to enable persons to see if they were in proper position to watch the operation.

The record further discloses that it was the duty of the defendant to use such reasonable care as would prevent injury to the mare. The law required him under this proof, if he undertook to perform the service at a time when it required more diligence or greater care in handling and assisting the stallion to use such care and caution as were reasonably required under the conditions in which he undertook to perform the service. It was a question of fact for the jury to deter-

mine whether or not the defendant used proper care and caution in the performance of his duty and by their verdict the jury found that defendant did not use such care and diligence and we are satisfied that upon this record the jury was fully warranted in so finding by their verdict.

It is urged by defendant that the plaintiff was guilty of contributory negligence in bringing the mare to be served at that time of day. The question of due care on the part of plaintiff was also a question of fact to be determined by the jury from all the evidence in the case under instructions from the court and we find no evidence in the record which in any manner conflicts with the finding of the jury that the plaintiff was not guilty of contributory negligence.

There is no error in this record prejudicial to the defendant either in the admission or rejection of evidence or in the giving, modifying or refusal of instructions.

There being no reversible error in the record the judgment is affirmed.

*Affirmed.*